**IT IS ORDERED as set forth below:**



**Date: March 18, 2019**

*Susan D. Barrett*
_____
United States Bankruptcy Judge
Southern District of Georgia

---

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 Case |
| | ) | Number <u>17-10967</u> |
| KENNETH RUSSELL DAMRON, | ) | |
| | ) | |
| Debtor | ) | |
| _____ | ) | |

<u>**ORDER AND OPINION**</u>

Before the Court is a Modification After Confirmation ("Modification") filed by Kenneth Russell Damron ("Debtor") requesting to decrease his monthly chapter 13 plan payments and dividend paid to general unsecured creditors. The Chapter 13 Trustee ("Trustee") objects to the Modification arguing there has been no unanticipated change in Debtor's circumstances and the Modification has not been proposed in good faith. This is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (L) and the Court has

jurisdiction pursuant to 28 U.S.C. §1334. For the following reasons, Debtor's Modification is denied.

## FINDINGS OF FACT

The Trustee and Debtor have stipulated to the following facts:

1. Debtor filed his chapter 13 petition and plan on July 3, 2017.

2. A modified plan before confirmation (Dckt. No. 14) was filed on July 17, 2017, providing for plan payments of $617.00 and a 100 percent dividend to general unsecured creditors.

3. Debtor's Schedule I (Dckt. No. 1 at 28-29) reflected net monthly income from employment of $800.00 and monthly income from Debtor's fiancé for Social Security disability benefits of $1,956.00, resulting in combined monthly income of $2,756.00. Debtor's Schedule I indicated he was resuming employment on July 1, 2017, that his employment income was estimated and that Debtor would amend his schedules upon receipt of more accurate information.

4. Neither Trustee nor Debtor, nor their attorneys, caught the error in Schedule J Line 23a (Dckt. No. 1 at 30-31) which brought forward combined monthly income from Schedule I of $5,422.66 rather than carrying forward the correct figure of $2,756.00. As a result of this error, Debtor's Schedule J reflected expenses totaling $3,401.00 and monthly net income of $2,021.66 instead of the negative net monthly income of $645.00.

5. Based on the appearance that Debtor had net monthly income in excess of the proposed plan payments of $617.00, Trustee objected to confirmation and required 5.5 percent interest be added to unsecured claims.

6. Trustee's Motion to Confirm Plan As Amended (Dckt. No. 49) provided for 5.5 percent interest and an increase in monthly plan payments to $924.00. The Order Confirming

Plan (Dckt. No. 53) was entered on February 15, 2018.

7. Trustee's records indicate that since confirmation, the Debtor's payments have been made consistently through his employers.

8. On August 15, 2018, Debtor filed the Modification reducing his plan payments to $600.00 and reducing the dividend to general unsecured creditors to 0 percent.

9. In conjunction with filing the Modification, Debtor provided amended Schedules I and J.  Dckt. No. 74. Amended Schedule I reflects that Debtor's gross income from employment is now $4,342.22 and his combined monthly income is $3,635.28.[1]

10. Debtor's fiancé's Social Security income is not included in the amended Schedule I.  Dckt. No. 74 at Schedule I.  As of [the date of the stipulation of facts] the fiancé does not have any other source of income.

11. Amended Schedule J includes Debtor's fiancé as a dependent and includes a deduction for her car payment of $477.00 per month.

12.  The Trustee's Objection was filed on August 22, 2018.

Dckt. No. 90, Joint Stipulation of Facts.

<u>CONCLUSIONS OF LAW</u>

There are two issues before the Court:   whether Debtor

has demonstrated the requisite evidence to support a modification

---

[1] The Trustee's Objection erroneously contends that Debtor's income and expenses have not changed and that the amended schedules differ from the original schedules only in that his fiancée's Social Security income has been omitted.  The objection also erroneously contends the plan was confirmed on September 19, 2018.

Dckt. No. 90, n.1, Joint Stipulation of Facts.

of a plan after confirmation; and, if so, whether Debtor's modified plan has been proposed in good faith. The Trustee first contends, without an unanticipated change in circumstances, Debtor cannot modify his confirmed chapter 13 plan. The Trustee further argues under the facts of this case, Debtor's proposal to reduce his monthly chapter 13 plan payments from $924 to $600 and decrease the dividend paid to his unsecured creditors from 100% to 0% does not meet the good faith requirements of 11 U.S.C. §1325(a)(3).[2]

Conversely, Debtor maintains the Bankruptcy Code does not require an unanticipated change in circumstances to modify a confirmed chapter 13 plan. Furthermore, assuming *arguendo* a substantial and unanticipated change is required, Debtor argues this Court's recent ruling in In re Green, 2018 WL 1581635 (Bankr. S.D. Ga. Mar. 27, 2018) constitutes such a change. Debtor also argues the Modification is proposed in good faith.

**Modification After Confirmation.**

Section 1329 authorizes a debtor to modify a chapter 13

---

[2] Unless otherwise noted, all code sections refer to Title 11 of the United States Code.

Section 1325(a)(3) provides:

> Except as provided in subsection (b), the court shall confirm a plan if -- the plan has been proposed in good faith and not by any means forbidden by law. 11 U.S.C. §1325(a)(3).

plan after confirmation under certain circumstances, providing in
pertinent part:

> (a) At any time after confirmation of the plan but
> before the completion of payments under such plan,
> the plan may be modified, upon request of the debtor,
> the trustee, or the holder of an allowed
> unsecured claim, to
>
>> (1) increase or reduce the amount of payments on
>> claims of a particular class provided for by the
>> plan; . . .
>
> (b)
>
>> (1)   Sections 1322(a), 1322(b),  and 1323(c) of
>> this title and the requirements of section 1325(a)
>> of this title apply to any modification under
>> subsection (a) of this section.
>>
>> (2) The plan as modified becomes the plan
>> unless, after notice and a hearing, such
>> modification is disapproved.

11 U.S.C. §1329(a)(1) and (b).

Pursuant to §1327, a confirmed chapter 13 plan is binding
upon the debtor, trustee, and creditors. See 11 U.S.C.
§1327(a) ("The provisions of a confirmed plan bind the debtor and
each creditor, whether or not the claim of such creditor is provided
for by the plan, and whether or not such creditor has objected to,
has accepted, or has rejected the plan."). Generally, all parties
in the bankruptcy are bound by the provisions of the plan and barred
under the doctrine of res judicata from asserting matters they could
have raised in the initial bankruptcy proceeding. In re Brown, 219
B.R. 191, 196 (B.A.P. 6th Cir. 1998)(citations omitted).

In seeking to balance the provisions of §1327 (Effect of confirmation) and §1329 (Modification of the plan after confirmation), courts are split as to whether a change in circumstances is required for a debtor to modify a confirmed chapter 13 plan to avoid the res judicata effects of the plan. Some courts hold a substantial, unanticipated change in circumstances is a required prerequisite for confirmation of a modification. See In re Murphy, 474 F.3d 143 (4th Cir. 2007); In re Johnson, 458 B.R. 745 (B.A.P. 8th Cir. 2011); In re Euler, 251 B.R. 740 (Bankr. M.D. Fla. 2000); In re Peebles, 500 B.R. 270 (Bankr. S.D. Ga. 2013)(Coleman, J.); In re Ward, 2012 Bankr. LEXIS 3896 (Bankr. S.D. Ga. Aug. 24, 2012)(Barrett, J.); In re Bunnell, 2003 WL 24241626 (Bankr. S.D. Ga. Nov. 20, 2003)(Davis, J.); In re Pearson, 1995 WL 17005062 (Bankr. S.D. Ga. May 4, 1995)(Davis, J.); In re Mellors, 372 B.R. 763 (Bankr. W.D. Pa. 2007). These courts find the confirmation order is a final order binding upon the parties and entitled to preclusive effect under §1327, and to allow modifications without an unanticipated change in circumstances undermines the finality of the order and allows modification proponents to relitigate issues that were or could have been addressed at confirmation. Murphy, 474 F.3d at 149.

Other courts conclude such a change is not a prerequisite for modifications. These courts conclude the plain language of

AO 72A

(Rev. 8/82)

§1329 expressly allows for post-confirmation modifications and does not require a change in circumstances, thus creating an exception to §1327. See In re Meza, 467 F.3d 874 (5th Cir. 2006); Barbosa v. Solomon, 235 F.3d 31 (1st Cir. 2000); In re Witkowski, 16 F.3d 739 (7th Cir. 1994); In re Thomas, 291 B.R. 189 (Bankr. M.D. Ala. 2003); In re Meeks, 237 B.R. 856 (Bankr. M.D. Fla. 1999); In re Guillen, 570 B.R. 439 (Bankr. N.D. Ga. 2017), appeal dismissed 2017 WL 5983882 (11th Cir. Nov. 8, 2017); In re Lopez, 2011 WL 4017514 (Bankr. N.D. Ga. July 19, 2011).

In the Southern District of Georgia, courts have previously found an unanticipated change is required to modify chapter 13 plans after confirmation citing the Eleventh Circuit's In re Hoggle, 12 F.3d 1008 (11th Cir. 1994) case. See In re Hoggle, 12 F.3d 1008, 1011 (11th Cir. 1994) ("Congress designed §1329 to permit modification of a plan due to changed circumstances of the debtor unforeseen at the time of confirmation."); Bunnell, 2003 WL 24241626, at *3 ("Courts which permit modification without such a showing [of changed circumstances] ignore the language of the Hoggle decision which adopted this standard from the legislative history and render the provisions of 11 U.S.C. §1327 meaningless."); Pearson, 1995 WL 17005062, at *2-3 (internal citations omitted)("It is well settled that under §1327, a confirmation order is res judicata as to all issues decided or which could have been decided

at the hearing on confirmation . . . [and] requiring a substantial and unanticipated change in circumstances is in accord with the idea that a confirmed plan is res judicata as to the debtor and scheduled unsecured creditors."); see also Peebles, 500 B.R. at 276; Ward, 2012 Bankr. LEXIS 3896, at *10.

Many courts not requiring a prerequisite change for a §1329 modification acknowledge that a change in circumstances is nevertheless a factor that may be considered. See Meeks, 237 B.R. at 860 (debtors may not modify their plans willy nilly); Guillen, 570 B.R. at 449 ("No one disputes that Section 1329 permits the modification of a confirmed plan due to changed circumstances of the debtor unforeseen at the time of confirmation. But that does not require a holding that Section 1329 only permits a confirmed plan to be modified if the moving party can show changed circumstances that were unforeseen at the time of confirmation."); Lopez, 2011 WL 4017514, at *3 ("Although Hoggle does not hold that a change in circumstances is necessary to support modification, the Eleventh Circuit's view of the purpose of §1329 supports the conclusion that consideration of whether the [d]ebtor has experienced a change in circumstances since confirmation of the plan is an appropriate inquiry and is one factor that a court should consider in determining whether to approve a proposed modification.").

In this case, Debtor has consistently made his monthly $924.00 chapter 13 plan payments for more than a year. His only articulated reasons for the modification are that change is not required for a §1329 modification and, even if a change is required, this Court's recent ruling in In re Green, 2018 WL 1581635, at *2 (Bankr. S.D. Ga. Mar. 27, 2018) is a change in law sufficient to allow a modification.

In limited circumstances, an intervening change in law may overcome the res judicata effect of a plan under §1327, however, Green is not such a case. See Precision Air Parts, Inc. v. Avco Corp., 736 F.2d 1499, 1503 (11th Cir. 1984)(except for significant changes involving fundamental constitutional rights, "changes in the law after a final judgment do not prevent the application of res judicata and collateral estoppel, even though the grounds on which the decision was based are subsequently overruled."); see also Capeletti Bros., Inc. v. Metropolitan Dade Cty., 735 F. Supp. 1040, 1042 (S.D. Fla. 1990)(noting general rule that changing law does not prevent application of res judicata and stating "[f]aced with changing law, courts hearing questions of constitutional right cannot be limited by res judicata. If they were, the Constitution would be applied differently in different locations.").

Green is not a new legal theory and does not involve a constitutional right, rather, Green interpreted a definition that

has been a part of the Bankruptcy Code since amended by Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, and it is in line with other decisions concluding SSI is not included in current monthly income, and that it is not per se bad faith to exclude SSI from plan payments.  See 11 U.S.C. §101(10A); see also In re Ragos, 700 F.3d 220, 221 (5th Cir. 2012); In re Cranmer, 697 F.3d 1314, 1316 (10th Cir. 2012); Baud v. Carroll, 634 F.3d 327, 331 (6th Cir. 2011); In re Scott, 488 B.R. 246, 249 (Bankr. M.D. Ga. 2013). Contrary to Debtor's assertion, Green does not hold debtors may omit SSI from Schedule I, rather, Green reiterates the language of the Bankruptcy Code and holds social security benefits are expressly excluded from the definition of current monthly income, therefore not including SSI in plan payments, alone, is not bad faith.  Green 2018 WL 1581635, at *3 ("Debtor's exclusion of SSI is expressly allowed by the Bankruptcy Code and its omission from the plan cannot alone constitute bad faith.").

In this case, at confirmation, Debtor was aware he was not required to include the SSI in his Form 122C-1[3] Calculation of Current Monthly Income because he omitted his fiancé's Social

---

[3] Form 122C-1 is the latest Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period form under the means test.  Form B22C was the previous form used for the Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period form under the means test.

AO 72A

(Rev. 8/82)

Security Income on the form denoting it was "Non-CMI Social Security Act Income." <u>See</u> Dckt. No. 1, Official Form 122C-1. There is a difference between "requiring" SSI to be contributed and "voluntarily" contributing SSI to the plan. In this case, Debtor's proposed plan had significant feasibility concerns, with Debtor's actual monthly net income, without his fiancé's SSI, averaging less than -$1,100.00. (For confirmation, §1325(a)(6)[4] requires a debtor be able to make all payments.) Debtor voluntarily opted to include his fiancé's SSI and his plan was confirmed. Since that time, Debtor has made monthly payments of $924 for more than a year. Debtor cannot now use <u>Green</u> as the basis to omit these funds after plan confirmation. <u>See</u> <u>In re Johnson</u>, 458 B.R. 745 (B.A.P. 8th Cir. 2011)(concluding the debtors could not reduce their plan payments to exclude their SSI as the debtors had voluntarily contributed it to the plan, and the definition of current monthly income was not new and had not changed, and this was an issue could have been litigated at confirmation).

Section 1329 states that the plan *may* be modified, giving

---

[4] Section 1325(a)(6) states:

(a) Except as provided in subsection (b), the court shall confirm a plan if- . . .

(6) the debtor will be able to make all payments under the plan and to comply with the plan

AO 72A
(Rev. 8/82)

the Court the discretion to determine whether to approve the post-confirmation modification. See Lopez, 2011 WL 4017514, at *3 ("a bankruptcy court has discretion to determine whether to approve a post-confirmation modification of a plan"). This Court continues to conclude a change in circumstances is required and has not occurred in this case. However, even if a change is not a prerequisite, it is an appropriate factor to consider. Id.; see also Guillen, 570 B.R. at 449. Given the facts, circumstances and arguments raised in this case, the post-confirmation modification is not appropriate. Because the Court finds modification of the plan is not allowed, the Court need not address the good faith issue.

For these reasons, confirmation of Debtor's Modification After Confirmation is ORDERED DENIED.


[END OF DOCUMENT]